IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Richez Markivious Bowser, #293406, | ) ) ) | C/A No.: 0:19-503-MGL-SVH |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER AND NOTICE |
| Detective Walter Beck, Moss Justice Center, | ) ) ) ) | |
| Defendant. | ) ) | |

Richez Markivious Bowser ("Plaintiff"), proceeding pro se, filed this complaint alleging a violation of his constitutional rights by Detective Walter Beck ("Beck"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

Plaintiff contends Beck obtained arrest warrants charging him with weapons possession, grand larceny, and burglary, but did not have probable cause for the charges. [ECF No. 1 at 4–6, 14–17]. Plaintiff alleges the charges were connected to an April 4 to May 6, 2016 incident at someone's home. *Id.* at 6. Plaintiff claims he was not caught with any contraband and the charges were ultimately dismissed. *Id.* Plaintiff states he was held in the York County

Detention Center ("YCDC") for 22 months without bond. *Id.* at 5–6. Plaintiff seeks monetary damages. *Id.* at 7.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's claim for false arrest should be summarily dismissed. To establish a 42 U.S.C. § 1983 claim based on a Fourth Amendment violation for false arrest, a plaintiff must show a seizure was effected without probable cause and the legal process terminated in his favor. *See Massey v. Ojaniit*, 759

3

F.3d 343, 356 (4th Cir. 2014); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). To demonstrate an officer unreasonably seized an individual based on a warrant lacking probable cause, a plaintiff must show the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). However, allegations of negligence or innocent mistake are insufficient to provide a basis for a constitutional violation. *Id.* at 627–28.

Plaintiff's complaint provides insufficient facts to challenge the validity of the warrant Beck obtained for Plaintiff's arrest, as Plaintiff has not set forth any evidence showing any statement in the arrest warrant was deliberately false or made with reckless disregard for the truth. Accordingly, Plaintiff's complaint should be summarily dismissed.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by March 8, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading

ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

*Shiva V. Hodges*

February 22, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge