# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

Richez Markivious Bowser, #293406,

    Plaintiff,

vs.

Detective Walter Beck, Moss Justice Center,

    Defendants.

C/A No.: 0:19-503-MGL-SVH

ORDER

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights by defendant Walter Beck.[1] This matter comes before the court on Plaintiff's motion to amend. [ECF No. 29]. In his motion, Plaintiff acknowledges that Moss Justice Center cannot be sued and seeks to add York County as a defendant. Plaintiff's proposed amended complaint contains no allegations against York County.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir.

---

[1] The undersigned has recommended the district judge summarily dismiss Moss Justice Center and service has not been authorized.

1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action). Here, Plaintiff's amendment is futile because his proposed amended complaint contains no claims against York County. Therefore, he has not stated a claim upon which relief can be granted.

Additionally, Plaintiff claims only monetary damages as relief and York County is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state, such as counties. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"). The State of South Carolina has not consented to be sued in this case, *see* S.C. Code Ann. § 15-78-20(e), and York County is therefore immune from Plaintiff's claims for damages.

For the foregoing reasons, Plaintiff's motion to amend [ECF No. 29] is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 3, 2019                                  Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge